IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEVONTAE WEST                         :
Registration No. 38538-007            :
                                      :
    v.                                : Civil Action No. DKC 15-1236
                                        Criminal No. DKC 13-0558-001
                                      :
UNITED STATES OF AMERICA              :
                                      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are the following motions filed by Petitioner Devontae West ("Petitioner"): (1) a motion to vacate sentence (ECF No. 80); (2) a motion for an immediate evidentiary hearing (ECF No. 92); (3) a motion for release pending resolution of the motion to vacate (ECF No. 93); and (4) a motion for alternative judgment (ECF No. 94). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Petitioner's motions will be denied.

**I. Background**

   **A. Phone Search[1]**

Petitioner was arrested in the District of Columbia on May 22, 2013 in connection with a series of bank robberies.[2] During

---

[1] Unless otherwise noted, the facts outlined here are set forth in the motion to vacate and construed in the light most favorable to Petitioner.

[2] Some of the robberies occurred in D.C. and others in Maryland.

the arrest, police handcuffed Petitioner, patted him down, and confiscated his phone. Police transported Petitioner to the police station where police booked Petitioner and placed him into a bullpen. A detective interrogated Petitioner for the first time at which point Petitioner asserted his Fifth Amendment right to remain silent. After waiting for some period of time, the detective returned with an agent of the Federal Bureau of Investigations ("FBI"), and they attempted to interrogate Petitioner. Petitioner again asserted his Fifth Amendment right to remain silent. Police returned Petitioner to the bullpen.

Police kept Petitioner's phone with them after the arrest, and searched it hours after the arrest. (It is not clear where Petitioner asserts it was searched – D.C. or Maryland.) On the phone, police found images of Petitioner engaged in sexual acts with a fifteen year-old. Based on these images, Police obtained a search warrant for Petitioner's phone. (ECF No. 80-3, at 3-8).

Although not included in the motion to vacate, it appears Petitioner was transferred from the District of Columbia to state authorities in Maryland within a couple of days. Eventually, Maryland charges were dismissed in favor of federal prosecution.

At some point after his arrest, Petitioner obtained counsel. During the course of representation, Petitioner told his attorney what happened in regard to the search of his phone, but his counsel "refused to put in a motion to suppress evidence from [the] cellphone[.]" (ECF No. 80-3, at 6). Counsel did not investigate the search and instead told Petitioner that even if the police had no warrant, they "could search what they want[ed]." (*Id.* at 1).

**B. Original Proceedings**

On October 16, 2013, Petitioner was indicted for one count conspiracy to commit bank robbery in violation of 18 U.S.C. § 371, one count of bank robbery in violation of 18 U.S.C. § 2113(a), and one count of production of child pornography in violation of 18 U.S.C. § 2251(a). (ECF No. 1). On March 13, 2014, the Government filed a superseding information as to Petitioner. (ECF No. 38). On March 26, Petitioner pled guilty to one count of possession of child pornography and one count of conspiracy to commit bank robbery. (ECF No. 43). On June 16, Petitioner was sentenced to a 144 month term of imprisonment — 120 months for possession of child pornography and a consecutive term of twenty-four months for conspiracy to commit bank robbery. (ECF No. 70).

**C. Current Proceedings**

Petitioner filed a motion to vacate sentence on April 27, 2015. Petitioner argued that counsel was ineffective for failing to move to suppress the pictures found on his phone and for not raising a mistake of fact defense. (ECF No. 80). The Government responded (ECF No. 87), and Petitioner replied (ECF No. 88). Petitioner also filed a motion for immediate grant of evidentiary hearing (ECF No. 92), a motion for release pending the resolution of the § 2255 motion (ECF No. 93), and a motion for an alternative judgment (ECF No. 94).

**II. Motion to Vacate**

Petitioner claims ineffective assistance of counsel on two grounds: (1) that counsel was ineffective for failing to investigate a possible mistake of fact defense; and that counsel was ineffective for not moving to suppress the photos found from the search of his cellphone.[3] (ECF Nos. 80-2, 80-3). The Government argues that counsel was not ineffective because he successfully negotiated a plea agreement resulting in a lesser term of imprisonment and because filing a motion to suppress would have been futile. (ECF No. 87).

---

[3] The motion to vacate divides the suppression claim in four parts. Parts 1 and 2 relate to the initial search of the cellphone, and parts 3 and 4 relate to the validity of the search warrant. They have been combined for ease of analysis.

### A. Standard of Review

To be eligible for relief under § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A *pro se* movant, such as Petitioner, is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978). But if the § 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. § 2255(b).

To prevail on a claim of ineffective assistance of counsel, a petitioner needs first to show that "counsel's efforts were objectively unreasonable when measured against prevailing professional norms." *Frazer v. South Carolina*, 430 F.3d 696, 703 (4th Cir. 2005). "Where, as here, a [petitioner] is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v.*

*Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

In evaluating objective unreasonableness, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Courts must assess the reasonableness of attorney conduct "as of the time their actions occurred, not the conduct's consequences after the fact." *Frye v. Lee*, 235 F.3d 897, 906 (4th Cir. 2000). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

In addition, a petitioner must show prejudice meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland*, 466 U.S. at 694. For a guilty plea, this requires showing that with proper legal counsel, a petitioner "would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

**B. Mistake of Fact Defense**

Petitioner argues that counsel was ineffective for failing to investigate a mistake of fact defense as to the age of the

victim of the child pornography. (ECF No. 80-2, at 1-2). The Government argues that counsel was not ineffective as to the mistake of fact defense because the mistake of fact would have only applied to one of two child pornography charges Petitioner faced and counsel negotiated an agreement for Petitioner to plead guilty to the lesser of the two charges that applied. (ECF No. 87, at 6).

Petitioner pled guilty to a violation of 18 U.S.C. § 2252A(a)(5)(B). Section 2252A(a)(5)(B) does have a mistake of fact defense but carries with it a sentence of not more than ten years. This offense, however, was not the most serious crime with which Petitioner was charged. The grand jury indicted Petitioner for a violation of 18 U.S.C. § 2251(a). (ECF No. 1, at 8). Section 2251(a) carries with it a sentence of between fifteen and thirty years, and "knowledge of the age of the victim is not required to convict a defendant under § 2251(a)." *United States v. Malloy*, 568 F.3d 166, 171 (4th Cir. 2009).

In exchange for pleading guilty to Section 2252A(a)(5)(B) and not raising a possible mistake of fact defense, Petitioner did not have to confront a strict liability offense with a mandatory minimum higher than the maximum for the offense to which he pled guilty. Because of the plea agreement counsel obtained, Petitioner received a substantially reduced term of

7

imprisonment. Counsel's conduct was not objectively unreasonable.

**C.   Motion to Suppress**

Petitioner also argues that counsel was ineffective for failing to file a motion to suppress and telling him such a motion would not succeed. Petitioner's arguments rest on the assertion that police could not lawfully search his phone incident to arrest when three hours elapsed between the arrest and the search.

The United States Court of Appeals for the Fourth Circuit, however, had previously upheld the validity of a similar search. In *United States v. Murphy*, 552 F.3d 405 (4th Cir. 2009), the Fourth Circuit concluded that a warrantless search of a cellphone conducted 23 days after an arrest was a valid search incident to arrest. The court reasoned that once police obtained a cellphone lawfully during a search incident to arrest, they could examine the phone's content at any later point. *Id.* at 412 ("Of course, once the cell phone was held for evidence, other officers and investigators were entitled to conduct a further review of its contents . . . without seeking a warrant.").

Had counsel filed a motion to suppress prior to Petitioner's guilty plea, the court would have applied *Murphy*. The court would have concluded that the search of the cellphone

8

was valid despite the lapses in time and place because *Murphy* permitted such a search. Accordingly, counsel's advice was accurate at the time it was given.

The facts that the Fourth Circuit's holding in *Murphy* was overturned by the decision of the Supreme Court of the United States in *Riley v. California*, 134 S.Ct. 2473 (2014) and Petitioner's case was pending while *Riley* was before the Supreme Court[4] do not change the analysis for the objective reasonableness prong. Objective reasonableness requires counsel demonstrate "a basic level of competence[.]" *United States v. Carthorne*, 878 F.3d 458, 466 (4th Cir. 2017). Counsel must be able to analyze the legal issues as they exist, and counsel does not need to predict how the law will change. Because counsel's advice was correct, Petitioner cannot demonstrate counsel was objectively unreasonable, and, therefore, his motion to vacate will be denied.

**D. Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order

---

[4] The timing of Petitioner's case and *Riley* overlapped to a certain extent. The Supreme Court granted a writ of certiorari in *Riley* on January 17, 2014. Petitioner pled guilty on March 26. The Supreme Court held arguments on April 29. Petitioner was sentenced on June 16. The Supreme Court decided *Riley* on June 25.

9

adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  Petitioner has not satisfied this standard.  Accordingly, a certificate of appealability will not issue.

**III. Motion for an evidentiary hearing**

Petitioner moves for an evidentiary hearing.  (ECF No. 92).  The question of whether an evidentiary decision is necessary is "left to the common sense and sound discretion of the district judge[ ]."  *Raines v. United States*, 423 F.2d 526, 531 (4th Cir. 1970).  In the ordinary case, an evidentiary hearing is appropriate only where "defendant has pled facts that, if established, entitle him to relief, and there is a material dispute regarding those facts."  *Higgs v. United States*, No. PJM 98-3180, 2010 WL 1875760, at *63 (D.Md. Apr.6, 2010); *accord United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988),

10

*abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010).

As Petitioner's motion to vacate will be denied, it follows that "no substantial question has been raised by [P]etitioner's claim, [and] there is no need for a hearing." *Gaskin v. United States*, 925 F.Supp. 396, 397 (D.Md. 1996). Thus, Petitioner's motion for an evidentiary hearing will be denied.

**IV. Motion for Release and Motion for Alternative Judgment**

Petitioner moves for release or bond pending resolution of his motion to vacate. (ECF No. 93). Because the court will resolve the merits of Petitioner's motion to vacate sentence, the motion for release pending is effectively moot. Even if it were not, the motion would not support relief. "Before a prisoner may be released on bail pending a collateral attack on his conviction, he must show substantial constitutional claims on which he has a high probability of success, and exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective." *United States v. Eliely*, 276 F.App'x 270, 270 (4th Cir. 2008). Petitioner has not met this high bar, and, therefore, his motion for release will be denied.

Petitioner moves in the alternative that "this court recommend to the Attorney General that [he] be confined near the place of the trial or appeal." (ECF No. 94, at 1). Petitioner

provides no legal support for this request, and the motion will be denied.

**V.  Conclusion**

For the foregoing reasons, the motions to vacate sentence (ECF No. 80), for an evidentiary hearing (ECF No. 92), for immediate release (ECF No. 93), and for an alternative judgment (ECF No. 94) filed by Petitioner Devontae West will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
